IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **SOUTHERN AIR CHARTER COMPANY LIMITED,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| **AIRFORCE TURBINE SERVICE, LTD.,** | § § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff Southern Air Charter Company Limited ("Southern Air") files this Complaint against Defendant Airforce Turbine Service, Ltd. ("ATS") and would show this Court the following:

### PARTIES

1. Southern Air is an airline and air charter business that operates in the Bahamas. Southern Air is a Bahamas limited company with its principal place of business at Nassau International Airport, Nassau, Bahamas.

2. ATS is a Texas limited partnership with its principal place of business at 11557 Hwy. 359, Mathis, Texas 78391 and may be served through its registered agent, Chris Carson, at 1911 Corporate Dr., Suite 102, San Marcos, Texas 78666, or wherever he may be found.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Southern Air is a foreign company and ATS is a Texas limited partnership and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over ATS because it is a Texas limited partnership with its principal place of business in Texas.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Southern Air's claims occurred in this District; ATS is located in this District; and on information and belief, the aircraft equipment at issue remains in this District.

**FACTUAL BACKGROUND**

6. In late 2013, Southern Air sent to ATS an aircraft engine identified as Engine No. PP0063 ("Engine 1") for an assessment. ATS informed Southern Air that Engine 1 would need to be overhauled and recommended that Southern Air purchase a different overhauled engine from ATS, PCE No. 32146 ("Engine 2"), instead of overhauling Engine 1 to reduce aircraft-on-ground time. In March 2014, Southern Air agreed to purchase Engine 2 from ATS. ATS did not return Engine 1 to Southern Air.

7. Engine 2 was delivered to Southern Air on May 15, 2014, and installed shortly thereafter. Engine 2 failed after 33.20 hours of operation and subsequently failed at 70 hours of operation. Southern Air made a warranty claim on Engine 2 due to these failures. Southern Air shipped Engine 2 back to ATS in July 2014. ATS disputed the warranty claim and, after making a few repairs, shipped Engine 2 back to Southern Air later in July 2014.

8. In July 2014, Southern Air sent ATS the Hot Section components for an aircraft engine identified as PCE No. 32194 ("Engine 3"), requested a report as to why Engine 3 had failed in service, and requested an estimate for repairs. Engine 3 had not attained the manufacturer's recommended hourly service interval for a Hot Section inspection. ATS had

performed the previous Hot Section inspection for Engine 3. ATS did not return Engine 3 to Southern Air.

9. Southern Air made multiple requests to ATS to return Engine 1 and Engine 3, including via a letter dated October 31, 2014, from counsel for Southern Air to the Director of Sales & Business Development of ATS, and a second letter dated December 22, 2014, from counsel for Southern Air to counsel for ATS.

10. Nothing in any agreement or correspondence between Southern Air and ATS permits ATS to retain possession of Engine 1 and Engine 3.

11. In late 2014, ATS communicated that it would not return Engine 1 and Engine 3 until a payment situation with respect to Engine 2 was resolved. Engine 2 is unrelated to Engine 1 and Engine 3; thus, any payment situation regarding Engine 2 does not entitle ATS to retain possession of Engine 1 and Engine 3. Furthermore, in February 2015, ATS assigned the right to payment for Engine 2 to the Export Import Bank. In May 2015, Southern Air worked out a payment solution with the Export Import Bank regarding Engine 2. ATS has received payment for Engine 2 from the Export Import Bank, yet ATS continues to refuse to return Engine 1 and Engine 3.

12. The value of Engine 1 and Engine 3, in the condition in which they existed when delivered to ATS, exceeded $600,000.

13. Because ATS has illegally retained possession of Engine 1 and Engine 3, Southern Air has been denied the use of Engine 1 and Engine 3.

### CAUSES OF ACTION

**COUNT 1:   Conversion**

14. Southern Air incorporates the foregoing allegations as if fully set forth herein.

15. Southern Air owns and has the right to immediate possession of Engine 1 and Engine 3.

16. Engine 1 and Engine 3 are personal property.

17. ATS has wrongfully exercised dominion and control over Engine 1 and Engine 3 by retaining possession of Engine 1 and Engine 3 and refusing to return Engine 1 and Engine 3 to Southern Air despite repeated requests by Southern Air for ATS to return Engine 1 and Engine 3.

18. Because of ATS's refusal to return Engine 1 and Engine 3, Southern Air has suffered injury, including the loss of use of Engine 1 and Engine 3. Southern Air will continue to suffer additional injury until ATS returns Engine 1 and Engine 3 to Southern Air.

19. Southern Air seeks the return of Engine 1 and Engine 3 and to recover damages for loss of use during ATS's detention of Engine 1 and Engine 3.

20. ATS's conversion of Southern Air's Engine 1 and Engine 3 was and continues to be malicious. ATS has knowingly and intentionally retained possession of Engine 1 and Engine 3 for the purpose of harming Southern Air to gain an advantage in negotiating a payment solution with respect to Engine 2, a separate engine unrelated to Engine 1 and Engine 3. Furthermore, in February 2015, ATS assigned the right to payment for Engine 2 to the Export Import Bank. In May 2015, Southern Air worked out a payment solution with the Export Import Bank regarding Engine 2. ATS has received payment for Engine 2 from the Export Import Bank, yet ATS continues to refuse to return Engine 1 and Engine 3. Accordingly, Southern Air seeks exemplary damages.

## PRAYER FOR RELIEF

Southern Air respectfully requests this Court to cite ATS to appear and enter judgment upon final trial in favor of Southern Air and against ATS for return of Engine 1 and Engine 3; actual damages; exemplary damages; prejudgment interest at the highest legal rate; post-judgment interest from the date of the judgment at the maximum legal rate until paid; all costs of court; and such other and further relief to which Southern Air may be justly entitled.

Dated:  March 10, 2016                                         Respectfully submitted,

By: */s/ Jamil N. Alibhai*
Jamil N. Alibhai
Texas State Bar No. 00793248
SDTX Federal ID No. 24151
Email:  jalibhai@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**ATTORNEYS FOR PLAINTIFF SOUTHERN AIR CHARTER COMPANY LIMITED**

683524.